1  PHILLIP A. TALBERT
   United States Attorney
2  ALEXIS KLEIN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7



FILED
Sep 26, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-0268 WBS |
|---|---|
| Plaintiff, | 18 U.S.C. § 371 – Conspiracy to Unlawfully Deal in Firearms; 18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms; 18 U.S.C. § 922(g) – Felon in Possession of a Firearm; 18 U.S.C. § 933(a)(1) – Trafficking in Firearms; 18 U.S.C. §§ 924(d)(1), 934(a)(1)(A) and (B), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| v. | |
| DUSTIN JOHN BROWN and MATTHEW WILLIAM MICHALAK, | |
| Defendants. | |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 371 – Conspiracy to Unlawfully Deal in Firearms]

The Grand Jury charges:

DUSTIN JOHN BROWN and
MATTHEW WILLIAM MICHALAK,

defendants herein, as follows:

I.  PARTIES

At all relevant times:

1. Defendants DUSTIN JOHN BROWN and MATTHEW WILLIAM MICHALAK did not have a federal firearms license.

2. BROWN was a convicted felon and therefore was unable to lawfully purchase, possess,

INDICTMENT

1

or sell firearms and ammunition.

## II. THE CONSPIRACY

3. Beginning no later than on or about February 8, 2023, and continuing to on or about February 8, 2024, in the County of Sacramento, State and Eastern District of California, and elsewhere, defendants BROWN and MICHALAK did knowingly and intentionally combine, agree and conspire with each other, and with other persons known and unknown to the Grand Jury, to commit certain offenses against the United States, to wit: to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

4. The purpose of the conspiracy was to make money by dealing in firearms without a license by unlawfully acquiring and reselling firearms in California for profit.

## III. MANNER AND MEANS

In furtherance of the conspiracy, BROWN, MICHALAK, and others known and unknown to the Grand Jury, employed the following ways and means, among others:

5. BROWN and MICHALAK discussed acquiring and reselling firearms and other firearms parts with each other and with other persons known and unknown to the Grand Jury.

6. BROWN and MICHALAK worked together to sell firearms; at least three of which were seized by law enforcement.

7. During their firearms transactions, BROWN would typically negotiate the sale of the firearms, including the price and the location for distribution, by phone or text message. BROWN often negotiated sales prices higher than what similar firearms cost when purchased lawfully through a licensed dealer. BROWN would direct the buyer to meet him at a location such as a bar, park in a specific place, and to leave the buyer's car unlocked.

8. BROWN would then meet with the buyer to receive a cash payment for the firearm. While BROWN met with the buyer to receive the cash payment, MICHALAK would deliver the firearm by placing it into the buyer's car.

9. After MICHALAK delivered the firearm, BROWN indicated to the purchaser that the firearm had been delivered.

///

## IV. OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants BROWN and MICHALAK committed or caused to be committed the following overt acts, among others:

10. Between on or about February 8 and on or about July 21, 2023, BROWN negotiated the sale of firearms to a law enforcement officer acting in an undercover capacity and other person(s) known to the Grand Jury.

11. On or about March 13, 2023, BROWN sold a Glock, model 29, 10mm pistol, bearing serial number WFG991, loaded with a 10-round magazine, for $2,000 cash. This firearm contained a barrel and slide that were part of a firearm, bearing serial number LKM537, that had been reported stolen.

12. On or about March 13, 2023, MICHALAK delivered the Glock, model 29, 10mm pistol, bearing serial number WFG991, loaded with a 10-round magazine by placing it inside a buyer's vehicle.

13. On or about April 4, 2023, BROWN sold a Rock Island Armory, model 1911-A1 CS, 45 caliber pistol, bearing serial number RIA1620952, for $1,800 cash. This firearm had previously been reported stolen to the Sacramento Police Department in 2016.

14. On or about April 4, 2023, an unidentified person wearing a motorcycle jacket and helmet delivered the Rock Island Armory, model 1911-A1 CS, 45 caliber pistol, bearing serial number RIA1620952, by placing it inside the buyer's vehicle.

15. On or about June 16, 2023, BROWN sold a Smith & Wesson, model SD9VE, 9mm caliber pistol, bearing serial number HFJ4599, for $1,800 cash. This firearm had been previously reported stolen to the San Francisco Police Department.

16. On or about June 16, 2023, MICHALAK delivered the Smith & Wesson, model SD9VE, 9mm caliber pistol, bearing serial number HFJ4599, by placing it inside the buyer's vehicle.

17. On or about July 21, 2023, BROWN sold a Taurus, model G2C, 9mm caliber pistol, bearing serial number TLM61762, for $1,200 cash.

18. On or about July 21, 2023, MICHALAK delivered the Taurus, model G2C, 9mm caliber pistol, bearing serial number TLM61762, by placing it inside the buyer's vehicle.

19. On or about and between November 16 and November 19, 2023, BROWN and

1   MICHALAK exchanged the following text messages related to firearms with each other:

2       MICHALAK: "What is for sale? I need one for a friend".

3       BROWN: "What do you want?"

4       MICHALAK: "Asking what's available. Little self protection piece" … "Sub

5       compact no revolver"

6       BROWN: "Wildwood kitchen & bar 8pm"

7       MICHALAK: "I confirmed"

8       [other messages omitted]

9       BROWN: "Does dude want it right now?"

10      MICHALAK: "Next day or so" … "Pic when your ready"

11      BROWN: "Get that?"

12      MICHALAK: "Yep. Pistol?" … "AK available for us to look at" … "Still waiting on

13      the pistol" … "I told him 2400" … "Let's just show what's available"

14      20.   On or about November 30, 2023, BROWN sent a text message to MICHALAK reading,

15  "Didn't someone want a 92fs?" and MICHALAK responded, "Yeah."

16      21.   On or about December 1, 2023, BROWN sent a text message to MICHALAK reading,

17  "Never heard back from dude wanting those bangers?" and MICHALAK responded, "Not yet. I can

18  reach out again".

19      22.   On or about December 18, 2023, BROWN and MICHALAK exchanged the following

20  text messages with each other:

21      MICHALAK: "Yo. They have called me 2 times today"

22      BROWN: "Calling my boy now"

23      MICHALAK: "Are you gonna send me the address to meet up"

24      BROWN: "Need you there asap"

25      MICHALAK: "On my way"

26      BROWN sent an address on "Madera rd"

27      MICHALAK: "Here"

28      BROWN sent the following photos by text message:

INDICTMENT

4




23. On or about January 6, 2024, BROWN and MICHALAK exchanged the following text messages with each other:

MICHALAK: "Yo"

BROWN: "Working on getting there asap. …"

MICHALAK: "I got a boy here. For tools"

BROWN: "I know. I'm coming brother. I feel like shit but I'll b there.."

MICHALAK: "Eta?"

BROWN: "10 Or Less"

MICHALAK: "Pig Ok"

BROWN: "Outside 2 min"

24. On or about February 5, 2024, BROWN and MICHALAK exchanged the following text messages with each other:

MICHALAK: "You wanna get a couple sold today My guy needs 2"

BROWN: "Couple what?"

MICHALAK: "Gs"

All in violation of Title 18, United States Code, Section 371.

///

///

1  COUNT TWO: [18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms]
2  The Grand Jury further charges: T H A T
3  DUSTIN JOHN BROWN and
   MATTHEW WILLIAM MICHALAK,

defendants herein, beginning on a date uncertain, but no later than on or about February 8, 2023, and continuing to on or about February 8, 2024, in the County of Sacramento, State and Eastern District of California, not being a licensed dealer and manufacturer of firearms as described in Title 18, United States Code, Section 923, did willfully engage in the business of dealing in firearms, all in violation of Title 18, United States Code, Section 922(a)(1)(A).

COUNT THREE: [18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm]

The Grand Jury further charges: T H A T

DUSTIN JOHN BROWN,

defendant herein, on or about March 13, 2023, in the County of Sacramento, State and Eastern District of California, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

(1) Possession of a Controlled Substance for Sale, in violation of Health and Safety Code section 11531(a), on or about January 4, 2007, in Sacramento County, California;

(2) Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), on or about November 23, 2010, in Sacramento County, California;

(3) Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), on or about July 18, 2017, in Sacramento County, California, in case number 17FE007295; and

(4) Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), on or about July 18, 2017, in Sacramento County, California, in case number 17FE010643;

did knowingly possess a firearm, specifically, a Glock, model 29, 10mm pistol, bearing serial number WFG991, loaded with a 10-round magazine, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

///

///

INDICTMENT                                                6

1  COUNT FOUR: [18 U.S.C. § 933(a)(1) – Trafficking in Firearms]
2      The Grand Jury further charges: T H A T
3                          DUSTIN JOHN BROWN,
4  defendant herein, beginning on a date uncertain, but no later than on or about April 4, 2023, and
5  continuing to on or about July 21, 2023, in the County of Sacramento, State and Eastern District of
6  California, knowing or having reasonable cause to believe that the use, carrying, or possession of a
7  firearm by the recipient would constitute a felony as defined by Title 18, United States Code, 932(a), did
8  ship, transport, cause to be transported, or otherwise dispose of any firearm to another person in or
9  otherwise affecting interstate and foreign commerce, all in violation of Title 18, United States Code,
10 Section 933(a)(1).

11 FORFEITURE ALLEGATION: [18 U.S.C. §§ 924(d)(1), 934(a)(1)(A) and (B), and 28 U.S.C. §
12                               2461(c) – Criminal Forfeiture]

13     1.    Upon conviction of one or more of the offenses alleged in Counts One through Four of
14 this Indictment, defendants DUSTIN JOHN BROWN and MATTHEW WILLIAM MICHALAK shall
15 forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28,
16 United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing
17 or willful commission of the offenses.

18     2.    Upon conviction of the offense alleged in Count Four of this Indictment, defendant
19 DUSTIN JOHN BROWN shall forfeit to the United States pursuant to Title 18, United States Code,
20 Sections 934(a)(1)(A) and (B), any property constituting or derived from proceeds obtained, directly or
21 indirectly, as the result of such violation and any property used, or intended to be used, in any manner or
22 part, to commit or to facilitate the commission of such violation.

23     3.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One
24 through Four of this Indictment, for which defendants are convicted:
25     a.   cannot be located upon the exercise of due diligence;
26     b.   has been transferred or sold to, or deposited with, a third party;
27     c.   has been placed beyond the jurisdiction of the Court;
28     d.   has been substantially diminished in value; or

INDICTMENT                              7

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), as incorporated by Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

[signature]

PHILLIP A. TALBERT
United States Attorney

INDICTMENT

8

2:24-cr-0268 WBS

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
*vs.*

DUSTIN BROWN, and
MATTHEW MICHALAK

## I N D I C T M E N T

VIOLATION(S):  18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm;
18 U.S.C. § 922(a)(1)(a) Dealing in Firearms without a License;
18 U.S.C. § 371 Conspiracy
18 U.S.C. § 933 Trafficking in Firearms; and
18 U.S.C. § 2428(b) Criminal Forfeiture

*A true bill,*   **/s/ Signature on file w/AUSA**

---
*Foreman.*

Filed in open court this __26th__ day

of __September__, A.D. 20 24

/s/ Jenny Wood
---
*Clerk.*

Bail, $  **No Bail Warrant Pending Hearing**

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

GPO 863 525

2:24-cr-0268 WBS

**United States v. Dustin Brown & Matthew Michalak**
**Penalties for Indictment**

**COUNT ONE:**     **ALL DEFENDANTS**

VIOLATION:     18 U.S.C. § 371 – Conspiracy to Unlawfully Deal in Firearms

PENALTIES:     Imprisonment of up to 5 years; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory)


**COUNT TWO:**     **ALL DEFENDANTS**

VIOLATION:     18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing and Manufacturing Firearms

PENALTIES:     Imprisonment of up to 5 years; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory)


**COUNT THREE:**     **DUSTIN BROWN**

VIOLATION:     18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm

PENALTIES:     Imprisonment of up to 15 years; or
Fine of up to $250,000; or both fine and imprisonment
Up to a three-year term of supervised release

SPECIAL ASSESSMENT: $100 (mandatory)


**COUNT FOUR:**     **DUSTIN BROWN**

VIOLATION:     18 U.S.C. § 933(a)(1) – Trafficking in Firearms

PENALTIES:     Imprisonment of up to 15 years; or
Fine of up to $250,000; or both fine and imprisonment
Up to a three-year term of supervised release

SPECIAL ASSESSMENT: $100 (mandatory)

**FORFEITURE ALLEGATION:    ALL DEFENDANTS**

VIOLATION:      18 U.S.C. §§ 924(d)(1), 934(a)(1)(A) and (B), and 28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTIES:      As stated in the charging document